UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SUMMER GOODMORNING | Case No. 6:22-po-00155-HBK<br><br>GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE AT CHANGE OF PLEA AND SENTENCING HEARING<br><br>(Doc. No. 15) |

Pending before the Court is Defendant's request to appear by Zoom application for her change of plea and sentencing hearing on October 18, 2022. (Doc. No. 15). At the time of the alleged misconduct, Defendant lived near Yosemite National Park. (*See* Doc. Nos. 1, 3, 4). However, Defendant has since moved to British Columbia, approximately an eighteen-and-a-half-hour drive to Yosemite National Park. (Doc. No. 15). Defendant moved to be in an environment that "is better for her health." (*Id*.). The Government does not object to the Defendant's request to appear remotely for her change of plea and sentencing hearing. (*Id*.).

Defendant was charged with violating 36 C.F.R. § 4.23(a)(2), 36 C.F.R. § 4.23(a)(1), and 36 C.F.R. § 4.2 incorporating CVC § 14601.2. (Doc. Nos. 1, 3, 4). Hinging on the defendant's consent, video conferencing may be used to conduct arraignments, please, trials and sentencing for misdemeanor offenses. Fed. R. Crim. P. 43(b)(2). As authorized by Section 15002(b)(3) of the CARES Act, on March 30, 2020, General Order No. 614 authorizes the use of video conferences for initial appearances subject to the discretion of each judge. On September 19,

2022, General Order 614 was extended by General Order No. 655 for an additional 90 days to expire on December 18, 2022.

Defendant is charged with misdemeanor offenses and her request for a remote appearance for the change of plea and sentencing hearing on October 18, 2022 is GRANTED. The Court reminds parties that the Federal Rules of Criminal Procedure will be controlling to determine if a video conference is authorized. Certain hearings that were previously authorized by video conference, due to the COVID-19 pandemic, may no longer be authorized. This Order only pertains to the October 18, 2022 hearing and any subsequent requests to appear by video teleconference will need to granted by the Court.

The Court reminds all parties of the following protocols:

To participate via Zoom, you will need a device with a microphone and camera, with internet access on the same device. Adequate lighting and sound are required for the Court to be able to see and hear you. You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet. The Court will not provide technical support for Zoom participants or attendees. During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video. Each participant will speak only when called on by the Judge or the Courtroom Deputy. Appropriate attire is mandatory for any appearance in Court. Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom. **Use of a virtual background is prohibited**. You should be in quiet location, preferably indoors. There should not be any other activities going on in your location.

Accordingly, it is **ORDERED**:

Defendant's request to appear via video conference for the October 18, 2022 change of plea and sentencing is GRANTED.

Dated:   October 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2